
RECEIVED
DC, WESTERN DISTRICT OF
TONY R. MOORE, CLERK
5/27/15
YT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

ALAN WOOLEY                          DOCKET NO. 15-CV-567; SEC. P

VERSUS                               JUDGE DRELL

CHARLES PATTERSON, ET AL.            MAGISTRATE JUDGE KIRK

## SECOND MEMORANDUM ORDER TO AMEND COMPALINT

Pro se Plaintiff Alan Wooley filed the instant civil rights complaint in forma pauperis and pursuant to <u>Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics</u>[1]. Plaintiff is an inmate in the custody of the U.S. Bureau of Prisons ("BOP") incarcerated at the United States Penitentiary in Pollock, Louisiana. Plaintiff complains that he was exposed to lead, asbestos, and harmful chemicals, and that he has been denied adequate medical care since the exposure.

### *Factual Allegations*

Plaintiff alleged that, on May 12, 2014, while he was assigned to Forestry Detail, he was exposed to toxic chemicals and lead dusts during the process of grinding and sanding window paint and grout. [Doc. #1] He claims that he was exposed to asbestos from July 22, 2013, through May 17, 2014. [Doc. #15, p.2] He alleged that, on May 12, 2014, he fell from a ladder "after breathing toxic vapors." He became disoriented and was unconscious for over ten

---

[1] In <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983.

minutes. [Doc. #15, p.12-14]

Environmental and Safety Compliance Staff of FCC Pollock went to the site of the project and conducted a site survey. The Forestry Service conducted testing for lead and asbestos. No asbestos was detected, but the lead test showed a higher level than that recommended by the EPA. Thereafter, the window project was terminated.

Plaintiff claims that he suffered a variety of physical injuries following the exposure, including blood in his stool and urine, spitting up blood, burns to his arms and head, eye irritation, difficulty breathing, spotty vision, dizziness, headaches, coughing, hand and chest pain, sore throat, and trouble sleeping. He complains that he was not taken to the hospital after falling from the ladder and becoming unconscious.

### Instructions to Amend

Plaintiff was ordered to amend his complaint to provide specific information. **In reply, he submitted over two-hundred typed pages, many of which are repetitious and non-responsive to the order to amend. The Court does not have the time or resources to sift through and organize over two-hundred pages of unorganized, repetitious documents ~~that do not present~~ that are non-responsive to the amend order.**

1. Plaintiff alleged that he sought medical care daily from May 12 - May 23, 2014, but he was told repeatedly that nothing was wrong with him and to go to work, despite presenting blood in his urine, stool, and vomit; he reported to sick call weekly in October 2014, twice a

week in November 2014, and weekly in December 2014, January 2015, and March 2015.

He has experienced the inability to control his bowels, chest pains, stomach spasms, vomiting, and breathing problems. He complains that his symptoms have not resolved.

**Plaintiff should amend and state whether he was <u>examined and/or treated</u> when he reported to sick call from May 12 - May 23, 2014, and whether he was <u>examined and/or treated</u> when he reported to sick call from June 2014 through March 2015, or whether he was simply turned away. If he was treated, he should state what treatment he received.** *This should take no more than a few pages.*

2.  Plaintiff was ordered to state what each named defendant did to violate Plaintiff's rights, the place and date that each event occurred, and a description of the alleged injury sustained. He failed to properly comply with those instructions in his amended complaint.

**Plaintiff should <u>list</u> the name of each defendant, and provide a <u>short and plain</u> statement of what each defendant did to violate his rights. Plaintiff should not present any argument - only factual allegations.**

*This should take no more than a few pages.*

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "**short** and **plain** statement of the claim showing that the pleader is entitled to relief." The pleading standard Rule 8 announces does not require "detailed factual allegations," but demands more than an "**unadorned, the-defendant-unlawfully-harmed-me accusation.**" <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009)(citations omitted)(emphasis added). **A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do.**" <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S.

544, 555 (2007).

Plaintiff **shall not** provide multiple copies of the same pages[2].  Further, his new amended complaint should not exceed ten (10) pages.

### Conclusion

Accordingly, IT IS ORDERED that Plaintiff supplement and amend his complaint within thirty (30) days of the filing of this order to provide <u>only</u> the specific information outlined above, in a short and plain statement, and in no more than ten pages. Plaintiff shall not submit multiple copies of any page.

Plaintiff's Motions to Serve [Docs. #11, 14, 18] are hereby **DENIED** at this time.

<u>The failure to comply with this order will result in the dismissal of this action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure</u>.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this _____ day of May, 2015.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

---

[2]For example, page 1 of the amended complaint [Doc. #15] is the same as pages 39, 77, 115, 153, and 191.  Page 2 of the amended complaint is the same as pages 40, 81, 128, 154, 198. Such repetition is non-responsive and cumbersome and will be stricken.