RECEIVED
USDC, WESTERN DISTRICT OF
TONY R. MOORE, CLERK
7 / 17 / 15
yt

UNITED STATES DISTRICT COURT                          a
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

ALAN WOOLEY                    DOCKET NO. 15-CV-567; SEC. P

VERSUS                         JUDGE DRELL

CHARLES PATTERSON, ET AL.      MAGISTRATE JUDGE KIRK

## REPORT AND RECOMMENDATION

Pro se Plaintiff Alan Wooley filed the instant civil rights complaint in forma pauperis and pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics[1]. Plaintiff is an inmate in the custody of the U.S. Bureau of Prisons ("BOP") incarcerated at the Federal Correctional Institution in Texarkana, Texas. Plaintiff complains that, while housed at the United States Penitentiary in Pollock, Louisiana, he was exposed to lead, asbestos, and other harmful chemicals, and that he has been denied adequate medical care since the exposure.

### Factual Allegations

Plaintiff alleged that, on May 12, 2014, while he was assigned to Forestry Detail, he was exposed to toxic chemicals and lead dust during the process of grinding and sanding window paint and grout. [Doc. #1] He claims that he was exposed to asbestos from July 22, 2013, through May 17, 2014. [Doc. #15, p.2] He alleged that, on May

---

[1]In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983.

12, 2014, he fell from a ladder "after breathing toxic vapors."  He became disoriented and was unconscious for over ten minutes. [Doc. #15, p.12-14]

Environmental and Safety Compliance Staff of FCC Pollock went to the site of the project and conducted a site survey. The Forestry Service conducted testing for lead and asbestos.  No asbestos was detected, but the lead test showed a higher level than that recommended by the EPA.  Thereafter, the window project was terminated.

Plaintiff alleged that he sought medical care from May 12 - May 23, 2014, but he was turned away and nearly died.  He alleges that from June 2014, through May 2015, he was never examined by a licensed physician. He states that he received medical examinations to assess the long-term effects of his exposure to lead and asbestos, but not for his exposure to toxic chemical vapors of paint remover. [Doc. #23]  Plaintiff claims that Defendant Willie Vasquez, a physician assistant, and Defendant Cornell Dean did not take the exposure seriously and refused to let Plaintiff see a physician. He was apparently examined and treated on June 3, 12, 13, 18, 19, 25, and 27, 2014, on July 8 and 10, 2014, and on September 19, 2014.  [Doc. #23, p.4] He states that he was "turned away" on February 17-19, 2015, by Cornell Dean when he reported to sick call for chest pains, loss of vision, and trouble breathing. He was turned away by Willie Vasquez on February 20, 2015, after

2

reporting to sick call for trouble breathing.  In March 2015, he was also "turned away" from sick call. [Doc. #23]

He alleges that he suffered a variety of physical injuries following the exposure, *which he continues to experience*, including blood in his stool and urine, spitting up blood, burns to his arms and head, eye irritation, difficulty breathing, spotty vision, dizziness, headaches, coughing, hand and chest pain, sore throat, trouble sleeping, and an inability to control his bowels. [Doc. #1]

Plaintiff claims that Defendants Charles Patterson and M.D. Carvajal knew of and disregarded an excessive risk to Plaintiff's safety by failing to provide him with proper protective equipment for his assigned job.

Plaintiff alleges that Defendant Sansher Corporation / Dad's Easy Spray, is liable for not properly labeling its product.

Despite having had multiple opportunities to amend, Plaintiff has failed to provide allegations against Defendants Lee Stewart, Jones Wilson, Mr. Robert, and Mrs. Teri.

### *Law and Analysis*

### *1.   Non-Federal Actors*

First, Plaintiff's <u>Bivens</u> claim against Sansher Corporation and/or Dad's Easy Spray fails because neither is a federal actor. <u>Bivens</u> suits are only authorized against federal actors, not private entities. See <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999, 29

L.Ed.2d 619 (1971). A <u>Bivens</u> action and a §1983 suit represent coextensive proceedings; the difference being that the former involves an action against federal actors and the latter against state actors. <u>See</u> <u>Izen v. Catalina</u>, 398 F.3d 363, 367 n. 3 (5th Cir.) (per curiam), <u>reh'g and reh'g en banc denied</u>, 130 Fed. Appx. 705 (5th Cir. 2005) <u>and cert. denied</u>, 547 U.S. 1111 (2006). Sansher Corporation and/or Dad's Easy Spray are not federal actors against whom a <u>Bivens</u> claim can be made. To the extent that Plaintiff seeks to raise a state law claim against the corporation, his state tort claim is improperly joined under the Federal Rules of Civil Procedure with his <u>Bivens</u> claims against prison officials.

## 2.  *Inadequate Safety Equipment*

Plaintiff claims that Defendants Charles Patterson and M.D. Carvajal failed to provide him with proper protective equipment for his assigned job. He concludes that the failure means they knew of and disregarded an excessive risk to Plaintiff's safety.  First, Plaintiff claimed that the product he was using was not properly labeled with an adequate warning of its danger.  Thus, the defendants could not have had deliberate indifference in that regard. Moreover, once the lead was discovered in the paint, the project was shut down.  This also indicates a lack of deliberate indifference.

A prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement

4

unless the official knows of and disregards an excessive risk to
inmate health or safety; the official must both be aware of facts
from which the inference could be drawn that a substantial risk of
serious harm exists, and he must also draw the inference. An
official's failure to alleviate a significant risk which he should
have perceived, but did not, while no cause for commendation,
cannot under our cases be condemned as the infliction of
punishment. See Farmer v. Brennan, 511 U.S. 825, 837-38 (1994); see
Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994).

Plaintiff's complaint is in effect one of negligence; he
argues that the prison officials showed a lack of due care in
failing to provide proper safety equipment. His pleadings simply
fail to show that the prison officials were deliberately
indifferent to his safety, rather than being merely negligent or
careless. As the Fifth Circuit has observed, deliberate
indifference is "an extremely high standard to meet." See Domino v.
TDCJ-ID, 239 F.3d 752, 756 (5th Cir. 2001).  The Supreme Court and
the Fifth Circuit have made clear that negligence does not set out
a basis for a constitutional claim under the Due Process Clause or
42 U.S.C. §1983.  Complaints by prisoners for negligence on the
part of prison officials, even where serious injury occurs, do not
set out a valid claim under the Civil Rights Act even if such
complaints could be valid under state law.  See eg., Bowie v.
Procunier, 808 F.2d 1142 (5th Cir. 1987)(inmate lost an eye as a

5

result of failure to provide safety equipment; held not to be a constitutional violation).

3.  **Medical Care**

Plaintiff alleged that he sought medical care from May 12 - May 23, 2014, but he was turned away and nearly died. However, he was examined and treated on June 3, 12, 13, 18, 19, 25, and 27, 2014, on July 8 and 10, 2014, and on September 19, 2014. [Doc. #23, p.4] He states that he was "turned away" on February 17-19, 2015, by Cornell Dean when he reported to sick call for chest pains, loss of vision, and trouble breathing. He was turned away by Willie Vasquez on February 20, 2015, after reporting to sick call for trouble breathing. In March 2015, he was also "turned away" from sick call. [Doc. #23]

He claims that he is being denied medical care despite presenting symptoms of blood in his stool and urine, spitting up blood, burns to his arms and head, eye irritation, difficulty breathing, spotty vision, dizziness, headaches, coughing, hand and chest pain, sore throat, trouble sleeping, and an inability to control his bowels. [Doc. #1] Although this appears to be a disagreement with the nature and extent of treatment, the claim will be served because Plaintiff alleges that he is still experiencing these severe symptoms and is being denied care to date.

### 4.   *Other Defendants*

Plaintiff originally named as defendants Lee Stewart, Jones Wilson, Mr. Robert, and Mrs. Teri.  However, despite having had multiple opportunities to amend, Plaintiff has failed to provide allegations against those four individuals.  Thus, Lee Stewart, Jones Wilson, Mr. Robert, and Mrs. Teri should be dismissed from the suit.

### *Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that all claims and defendants be **DISMISSED** pursuant to §1915(e)(2)(b) and §1915A, except Plaintiff's medical care claim against Willie Vasquez and Cornell Dean.

### *Objections*

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.**

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED at Alexandria, Louisiana, this _____ day of July, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

8