U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

MAR 16, 2016

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

b

| | |
|---|---|
| ALAN CHARLES WOOLEY | CIVIL ACTION NO. 1:15-CV-00567 SECTION "P" |
| VERSUS | JUDGE TRIMBLE |
| CHARLIE PATTERSON, et al. | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the Court is a complaint filed pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971),[1] by Plaintiff Alan Charles Wooley ("Wooley") on March 10, 2015 and amended on March 18, 2015 (Doc. 6), May 6, 2015 (Doc. 15), and June 18, 2015 (Doc. 23). The only remaining defendants are Willie Vasquez and Cornell Dean, both employed by the U.S. Bureau of Prisons ("BOP") at the United States Penitentiary in Pollock, Louisiana ("USP-Pollock") (Doc. 28). Wooley's sole remaining claim is for denial of medical care while he was incarcerated at USP-Pollock in 2014 (Doc. 28).[2] Wooley is currently incarcerated at FCI-Texarkana.

---

[1] Bivens defendants are federal officials brought into federal court for violating the U. S. Constitution. Bivens-type actions may be brought only against federal agents and not federal agencies. F.D.I.C. v. Meyer, 510 U.S. 471, 486 (1994); Whitley v. Hunt, 158 F.3d 882 885 (5th Cir. 1998). Under Bivens, a plaintiff may recover damages for any injuries suffered because of federal agents' violations of his constitutional rights. Channer v. Hall, 112 F.3d 214, 216 (5th Cir. 1997).

[2] Wooley's other claims, stemming from injuries received while doing inmate labor, were dismissed (Doc. 28). An appeal is pending on that judgment (Doc. 29).

Defendants did not answer the complaint, but instead filed a motion to dismiss for failure to state a claim and for lack of jurisdiction (Doc. 44). Wooley filed a response to the motion (Doc. 50), and Defendants replied (Doc. 52). Defendants' motion is now before the Court for disposition.

Law and Analysis

Motion to Dismiss

A motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts. See Crowe v. Henry, 43 F.3d 198, 203 (5th Cir. 1995). In particular, a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. See Hirras v. National Railroad Passenger Corp., 10 F.3d 1142, 1144 (5th Cir. 1994), vacated on other grounds, 512 U.S. 1231 (1994); Doe, 753 F.2d at 1102. Courts must presume that general allegations embrace the specific facts that are necessary to support the claim. See National Organization for Women, Inc. v. Scheidler, 510 U.S. 249 (1994) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992)). For purposes of a motion to dismiss for failure to state a claim, the factual allegations of the complaint must be taken as true and any ambiguities must be resolved in favor of the plaintiff. See Doe v. U.S. Dept. of Justice, 753 F.2d 1092, 1101 (D.C.Cir. 1985).

Immunity

Defendants argue that Willie Vasquez is immune from Wooley's Bivens claim because he is the U.S. Public Health Service Officer at USP-Pollock (Doc. 44-3, Ex. A). The Supreme Court, in Hui v. Castaneda, 130 S.Ct. 1845 (2010), held that 42 U.S.C. § 233 grants Public Health Officers immunity from suit under Bivens and that a plaintiff's exclusive remedy is under the Federal Tort Claims Act.[1]

Therefore, Defendants' motion to dismiss Wooley's Bivens action against Vasquez should be granted.

Exhaustion

Defendants also argue that Wooley's action should be dismissed because he failed to exhaust his administrative remedies as to Vasquez and Dean prior to filing this action. Wooley claims that Vasquez prevented him from seeing a doctor for his injuries caused by exposure to toxic chemicals, and that Dean refused to take Wooley to the hospital after the incident, so Wooley had to wait until he returned to the Camp to get medical treatment (Doc. 1).

No action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until available administrative remedies are exhausted. 42 U.S.C. § 1997e(a). Exhaustion is mandatory, irrespective of the forms of relief sought and offered through administrative remedies. See Booth v. Churner, 532 U.S. 731, 741 n.

---

[1] To sue successfully under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-80, a plaintiff must name the United States as the sole defendant. See McGuire v. Turnbo, 137 F.3d 321, 324 (5th Cir. 1998) (citing Atorie Air, Inc. v. Federal Aviation Administration, 942 F.2d 954, 957 (5th Cir. 1991)).

3

6 (2001). The exhaustion requirement of 42 U.S.C. § 1997e applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. See Porter v. Nussle, 534 U.S. 516, 532 (2002). Thus, federal prisoners suing under Bivens must first exhaust inmate grievance procedures, just as state prisoners must exhaust administrative processes prior to instituting a § 1983 suit. See Porter, 534 U.S. at 524. Resort to a prison grievance process must precede resort to a court. See Porter, 534 U.S. at 529; see also, Jackson v. Dobre, 2002 WL 31016915, 48 Fed.Appx. 104 (5th Cir. 2002) ("Futility is no longer an exception to the exhaustion requirement.").

The administrative remedy procedures which must be followed by a federal prison inmate are set forth in 28 C.F.R. §§ 542.10, et seq. Those regulations provide for a first step informal resolution attempt filed with the prison staff, a second step formal grievance filed with the warden, a third step appeal of the warden's decision to the Regional Director, and a fourth step appeal to the General Counsel.

Wooley has shown that he fully exhausted his claims as to his complaint that he was exposed to toxic and flammable chemicals, without proper safety equipment, while engaged in inmate labor at the U.S. Forestry Service (Doc. 1-2, pp. 4-12/12; Doc. 17).

However, Defendants point out, correctly, that Wooley has not exhausted his claims for denial of medical care. Wooley has not submitted any grievances that he filed as to his claims of denial of medical care. Defendants submitted an affidavit by Tamala Robinson, a legal assistant for the BOP employed in the Houston

Consolidated Legal Center in Houston, Texas, which includes the Federal Correctional Complex in Pollock, Louisiana (Doc. 44-4, Ex. B). Robinson states in her affidavit that Wooley completed the administrative remedy process concerning his complaint that he was exposed to toxic chemicals without the proper safety equipment, but he did not file any administrative remedies as to his complaint that the was denied proper medical care (Doc. 44-4, Ex. B).

Wooley claims in his response that extraordinary, "life-threatening" circumstances excuse his failure to exhaust his administrative remedies.[3] Presumably, Wooley is referring to his alleged injuries from exposure to toxic chemicals.[4] However, the fact that Wooley managed to file grievances concerning his exposure to toxic chemicals defeats his claim that extraordinary circumstances prevented him from also filing grievances as to his claims for denial of medical care (which could have been included in the other grievances). The evidence indicates that Wooley was not too incapacitated to file grievances.

Since Wooley did not exhaust his administrative remedies as to his claim that he was denied medical care, Defendants' motion to dismiss Wooley's claims should be granted for lack of exhaustion.

---

[3] In rare situations where inmates, through no lack of diligence on their part, have genuinely been precluded from completing the applicable administrative grievance procedure, courts have waived the exhaustion requirement or excused the inmate from having to satisfy the requirement. See Francois v. Rigdon, 2009 wl 1379723, *5 (E.D.La. 2009) (citing Days v. Johnson, 322 F.3d 863, 866-867 (5th Cir. 2003); Crawford v. Dretke, 2007 WL 172628, *5-8 (S.D.Tex. 2007); see also, Dillon v. Rogers, 596 F.3d 260, 270 (5th Cir. 2010).

[4] Wooley he has not alleged any other circumstances or events that would have prevented him from filing grievances.

5

## Conclusion

Based on the foregoing, IT IS RECOMMENDED that Defendants' motion to dismiss be GRANTED as to Willie Vasquez and that Wooley's action against Willie Vasquez be DISMISSED WITH PREJUDICE.

IT IS FURTHER RECOMMENDED that Defendants' motion to dismiss be GRANTED as to Cornell Dean and that Wooley's claims against Cornell Dean be DISMISSED WITHOUT PREJUDICE for lack of exhaustion.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 2(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 15 day of March 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge